IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANNY ROUND, # K-71362, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00712-MJR |
| | ) | |
| UNKNOWN PARTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Danny Round, an inmate who is currently incarcerated at Lawrence Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an unknown member ("Defendant John Doe") of the Illinois Prisoner Review Board. Plaintiff claims that Defendant Doe violated his rights under federal and state law by revoking his mandatory supervised release ("MSR") on November 9, 2015. Plaintiff now seeks declaratory judgment and monetary damages.

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint does not survive preliminary review under this standard and shall be dismissed.

## The Complaint

On April 9, 2015, Plaintiff was approved for release from prison on mandatory supervised release ("MSR") (Doc. 1, p. 5).  His term of MSR was set to begin on September 23, 2015.  Plaintiff was issued a MSR violation report, however, when his parole agent concluded that no suitable host site was available for an inmate who required electronic monitoring.  In the report, Parole Agent Antonio Brazzeleton indicated that placement was unavailable at all sites covered by the Illinois Department of Corrections.

Plaintiff attended a hearing before the Illinois Prisoner Review Board ("PRB") on November 9, 2015.  At the hearing, he asked an unknown member of the PRB ("Defendant John Doe") for documentation regarding Parole Agent Brazzeleton's efforts to place him at "all places the Illinois Department of Corrections would pay for" (*id*. at 5).  Defendant Doe denied Plaintiff's request for this information, after informing Plaintiff that he had no right to possess or review the parole agency's documents (*id*. at 6-8).  Defendant Doe further explained that the parole agent's statement in the MSR violation report constituted sufficient evidence of his efforts to locate a suitable host site (*id*. at 6).

Plaintiff claimed that he was unable to prepare or present his defense without this information.  When Plaintiff threatened to file a lawsuit "to make [Defendant Doe] provide the documents," Defendant Doe allegedly became angry (*id*.).  He concluded that Plaintiff's MSR should be revoked and motioned a nearby prison guard to remove Plaintiff from the room.  Plaintiff's MSR term was ultimately "terminated until his maximum release date of September 23, 2017" (*id*. at 6-10, 17).  Plaintiff claims that this decision constituted retaliation

against Plaintiff for threatening to "seek legal redress in court for the due process violation"[1] (*id*.).

Plaintiff claims that Defendant Doe retaliated against him for threatening to take legal action by terminating his MSR, in violation of the First Amendment (*id*. at 5, 9-11).  He claims that Defendant Doe's conduct violates the Constitution's proscription against cruel and unusual punishment under the Eighth Amendment and constitutes a denial of equal protection of the law under the Fourteenth Amendment.  Further, Plaintiff brings a state law claim against Defendant Doe for false imprisonment.  He seeks declaratory judgment and monetary damages (*id*. at 12).

## Discussion

As a threshold matter, the Court finds that Plaintiff cannot challenge the propriety of his underlying conviction and sentence, or the PRB ruling revoking his MSR, by bringing a claim for money damages against Defendant Doe under § 1983.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).  A claim for damages arising from the wrongful revocation of Plaintiff's MSR is barred by *Heck* and *Edwards*.  *Heck* prohibits a § 1983 suit, if the case would result in a ruling that "'would necessarily imply the invalidity of the conviction or sentence' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."  *Edwards*, 520 U.S. at 643 (quoting *Heck*, 512 U.S. at 487).  *Edwards* extends the rule announced in *Heck* to prison proceedings.  *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).  The complaint contains no indication that the original conviction, sentence, and/or PRB ruling has been overturned.  Under the circumstances, *Heck* and *Edwards* bar Plaintiff's claim for monetary damages against Defendant Doe, at least to the extent he now

---

[1] In fact, the hearing summary cites several reasons for the PRB's decision to revoke Plaintiff's MSR, including evidence of his own admission and the counselor's report (Doc. 1, p. 17).  The summary indicates that this evidence of a violation was sufficient because "[w]hile on parole [Plaintiff] violated his parole - failure to have host site with E.M." and Plaintiff "became abusive threatened this member and walked out of conference" (*id*.). *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (the threat to file a grievance of lawsuit provides no basis for a retaliation claim).

challenges the PRB's revocation of his MSR.  *See, e.g., Lacey v. Unknown Parole Agent*, 2012

WL 6217529 (N.D. Ill. 2012) (district court could not provide prisoner with relief that conflicts

with undisturbed judgment of conviction, sentence, and PRB ruling).

The *Heck / Edwards* bar does not apply to claims for monetary damages that do not call

the PRB ruling into question.  Even so, any claims in the complaint that survive a *Heck /*

*Edwards* bar are meritless.  The Court reaches this conclusion for several reasons.

First, there is no indication that Defendant Doe was personally involved in a violation of

Plaintiff's constitutional rights.   "[I]ndividual liability under § 1983 requires 'personal

involvement in the alleged constitutional violation.'"  *Minix v. Canarecci*, 597 F.3d 824, 833

(7th Cir. 2010) (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003)).  The basic

structure of the PRB calls Plaintiff's claims against Defendant Doe into question.  Under Illinois

law, the PRB is responsible for deciding whether to revoke mandatory supervised release.

*See Wofford v. Walker*, 464 F. App'x 533, *2 (7th Cir. 2012) (citing 730 ILCS 5/3-3-1(a), 5/3-3-

9(a)).  The board is independent of the Illinois Department of Corrections.  *Id.*  The PRB consists

of fifteen members and acts through 3-member panels.  *See id.* (citing 730 ILCS 5/3-3-1(b), 5/3-

3-9(e)).  It is unclear whether Defendant Doe played a personal role in a constitutional violation

because, under Illinois law, Defendant Doe was one of several PRB members involved in the

decision-making process.  *Id.* (noting that personal involvement in a constitutional violation is

unclear in this context because the 15-member Board acts through a 3-member panel).

Second, and more to the point, Defendant Doe cannot be held liable because he is

entitled to absolute immunity under § 1983.  The Seventh Circuit has long held that PRB

members should be accorded absolute immunity for their decisions regarding the revocation of

MSR.  *Id.*; *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996).  The Seventh Circuit has

explained that "[t]he decision to revoke . . . supervised release . . . is a prototypical quasi-judicial act deserving of absolute immunity." *Wilson*, 86 F.3d at 1445 (citing *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)).  "Absolute immunity protects board members not only for the decision to revoke . . . supervised release, but the board members' actions that are 'part and parcel' of the decision-making process." *Id*.  This includes Defendant Doe's alleged denial of Plaintiff's request for parole agency documentation.  *Wilson*, 86 F.3d at 1445 (decisions regarding scheduling, notice, and the conduct of MSR revocation hearings "strike at the heart of the adjudicative function" that PRB members perform).  Plaintiff cannot maintain his claims for relief against Defendant Doe.

In the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for false imprisonment.  *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011).  Plaintiff's federal constitutional claims against Defendant Doe shall be dismissed with prejudice, and the state law claim shall be dismissed without prejudice.  The Court declines to provide Plaintiff with an opportunity to amend the complaint because it is clear that this case is meritless and cannot be saved by amendment.  *Foman v. Davis*, 371 U.S. 178 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

## Pending Motions

### 1.      Motion for Recruitment of Counsel (Doc. 3)

Plaintiff's motion for recruitment of counsel is **DENIED**.  The assistance of counsel would not change the outcome of this matter.  *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (affirming lower court's denial of request for appointment of counsel, in part, because plaintiff's "claims were of doubtful merit in any event").

**2.      Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's motion for service of process at government expense is **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice. Plaintiff's federal constitutional claims against Defendant **UNKNOWN PARTY** ("John Doe") are **DISMISSED** with prejudice on immunity grounds.  Plaintiff's state law claims against Defendant **UNKNOWN PARTY** ("John Doe") are **DISMISSED** without prejudice to Plaintiff pursuing relief in Illinois state court.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 3, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**
